SEARS AND OTHERS, APPELLANTS, *v.* SCHWARZ AND OTH-ERS, APPELLEES.

This Court has no power, in a case brought here by appeal from the Court of Chancery, to grant a motion made by the appellant, for leave to supply, by a sworn copy, a Master's report in the cause, discovered after the taking the appeal, to have been lost from the files of the court below.

It seems that the Court of Chancery would have power to grant such a motion, even after the appeal, for the purpose of giving effect to it.

THIS cause came into this Court on appeal from the Court of Chancery. The bill was filed to foreclose a mortgage. On affidavits showing that, prior to the passing of the final decree in the court below, certain Master's reports of the amount due on the mortgage were made in the cause, which it had been discovered, since the appeal was taken, had been lost from the files of that court, and that the master who made the reports, had correct drafts

of them, the appellees now moved for leave to file in this Court, as a part of this case, sworn copies of the reports so lost.

*A. D. Fraser* and *A. Davidson*, in support of the motion.

*A. W. Buel*, contra.

Goodwin, J. delivered the opinion of the Court.

In order to determine whether this motion ought to be granted, it is necessary to consider the effect of the statute providing for appeals from the Court of Chancery to this Court.

The Revised Statutes, (p. 379, § 124,) provide, that when an "appeal shall be perfected, the proper Register of the Court of Chancery shall make out and transmit to the proper Clerk of the Supreme Court, a certified copy of the bill, answers, pleadings, depositions, and all other papers belonging to the cause."

It will be perceived by this section, that this Court is to hear the cause upon the pleadings and proofs certified by the Register to this Court.

The next section provides that, "upon any decree of the Court of Chancery being brought by appeal to the Supreme Court, that Court shall examine all errors that shall be assigned, or found in such order or decree, and shall hear and determine such appeal, and all matters concerning the same, and shall have power to reverse, affirm, or alter such decree, and to make such other order or decree therein, as justice or equity shall require."

It is upon the appeal being brought into this Court in the manner provided by the statute, (the 124th section directing how the proceedings shall be brought here,) that this Court is to proceed and examine the errors assigned in the decree, and hear and determine the appeal.

It is contended that, by the latter part of the 125th sec-

tion, the cause stands in this Court as in the Court of Chancery, and that we have the same power as the Court of Chancery would have, to make this order.   The words of the clause referred to, that this Court " shall have power to reverse, affirm, or alter such order or decree, and to make such other order or decree therein as justice or equity shall require," only give this Court this authority in examining the appeal and matters concerning it, upon the proceedings, pleadings, and proofs returned, in pursuance of the statute, from the Court below to this Court.   We are, therefore, of opinion, that the application of the appellees is not made to the proper tribunal.   It should be made to the Court of Chancery, and not to this Court. That Court can give the relief sought; and, when the defect is supplied, the proceedings which are wanting may be brought into this Court in the appropriate manner. The provision of the statute, (R. S. 379, § 122,) for staying proceedings, applies to proceedings on the order or decree appealed from, and would not, in our judgment, prohibit the Chancellor from granting an order to supply lost papers, which belong to the cause, for the purpose of giving effect to the appeal, as provided for by the statute.

*Motion denied.*